05-5943-cv(L); 06-0223(CON)

In re Literary Works in Elec. Databases Litig.
   05-5943-cv(L); 06-0223(CON)
   In re Literary Works in Elec. Databases Litig.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2006

(Argued: March 7, 2007                    Decided: November 29, 2007)

Docket Nos. 05-5943-cv(L); 06-0223(CON)
--------------------------------------------------------x

IN RE: LITERARY WORKS IN ELECTRONIC DATABASES
COPYRIGHT LITIGATION

----------------------

IRVIN MUCHNICK, ABRAHAM ZALEZNIK, CHARLES SCHWARTZ,
JACK SANDS, TODD PITOCK, JUDITH STACEY, JUDITH
TROTSKY, CHRISTOPHER GOODRICH, KATHY GLICKEN AND
ANITA BARTHOLOMEW,

     Objectors-Appellants,

          -- v. --

THOMSON CORPORATION, DIALOG CORPORATION, GALE GROUP,
INC., WEST PUBLISHING COMPANY, INC., DOW JONES &
COMPANY, INC., DOW JONES REUTERS BUSINESS
INTERACTIVE, LLC, KNIGHT RIDDER INC., KNIGHT RIDDER
DIGITAL, MEDIASTREAM, INC., NEWSBANK, INC., PROQUEST
COMPANY, REED ELSEVIER INC., UNION-TRIBUNE PUBLISHING
COMPANY, NEW YORK TIMES COMPANY, COPLEY PRESS, INC.,
EBSCO INDUSTRIES, INC. AND PARTICIPATING PUBLISHER
TRIBUNE COMPANY,

     Defendants-Appellees,

MICHAEL CASTELMAN INC., E.L. DOCTOROW, TOM DUNKEL,
ANDREA DWORKIN, JAY FELDMAN, JAMES GLEICK, RONALD
HAYMAN, ROBERT LACEY, RUTH LANEY, PAULA MCDONALD, P/K
ASSOCIATES, INC., LETTY COTTIN POGREBIN, GERALD
POSNER, MIRIAM RAFTERY, RONALD M. SCHWARTZ, MARY
SHERMAN, DONALD SPOTO, ROBERT E. TREUHAFT AND JESSICA
L. TREUHAFT TRUST, ROBIN VAUGHAN, ROBLEY WILSON,
MARIE WINN, NATIONAL WRITERS UNION, THE AUTHORS
GUILD, INC. AND AMERICAN SOCIETY OF JOURNALISTS AND
AUTHORS,

     Plaintiffs-Appellees,

EDWARD ROEDER,

        Appellant.

------------------------------------------------------x

B e f o r e :  WINTER and WALKER, Circuit Judges.[1]

Shortly before we heard oral argument in this case, we discovered that we are (quite probably) members of the plaintiff class. Shortly thereafter, at our request, the Committee on Codes of Conduct of the Judicial Conference considered whether we should discontinue participation in the resolution of this appeal. We issue this opinion to explain why we disagree with the Committee's conclusion that recusal is warranted, and why we have chosen to hear and decide this case.

CHARLES D. CHALMERS, Fairfax, CA, for Objectors-Appellants.

CHARLES S. SIMS, Proskauer Rose LLP, New York, NY (Stephen Rackow Kaye, Joshua W. Ruthizer, Proskauer Rose LLP; Kenneth Richieri, George Freeman, The New York Times Company, New York, NY; Henry B. Gutman, Simpson Thatcher & Bartlett, New York, NY; James F. Rittinger, Satterlee Stephens Burke & Burke, New York, NY; Jack Weiss, Gibson Dunn & Crutcher LLP, New York, NY; Juli Wilson Marshall, Latham & Watkins, Chicago, IL;

---

[1] Judge Straub, the third member of the panel that is considering the merits of this appeal, believes he is not a member of the plaintiff class and thus does not and need not join this opinion.

Ian Ballon, Greenberg Traurig LLP, Santa Monica, CA; Michael Denniston, Bradley, Arant, Rose & White, LLP, Birmingham, AL; Christopher M. Graham, Levett Rockwood P.C., Westport, CT; Raymond Castello, Fish & Richardson· PC, New York, NY, on the brief), for Defendants-Appellees.

MICHAEL J. BONI, Kohn Swift & Graf, P.C., Philadelphia, PA (Joshua D. Snyder, Kohn Swift & Graf, P.C.; Diane S. Rice, Hosie McArthur LLP, San Francisco, CA; A.J. De Bartolomeo, Girard Gibbs & De Bartolomeo LLP, San Francisco, CA; Gary Fergus, Fergus, A Law Firm, San Francisco, CA, on the brief), for Plaintiffs-Appellees.

JOHN M. WALKER, JR., Circuit Judge:

Judges decide cases that implicate fundamental rights, restrict liberty, or even terminate life. Judicial authority is, however, circumscribed by the limits of judicial neutrality. Few responsibilities weigh more heavily on a judge than the task of addressing questions of our own potential partiality and ensuring that the parties and the public have confidence in the judges who hear the cases that affect them.

For better or worse, many lawsuits have become exercises in mass aggregation, and judges must confront new issues relating to the propriety of their participation in such cases as they come before them. Cf. Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813,

-3-

826 (1986) (noting that without due care "constitutional disqualification arguments could quickly become a standard feature of class-action litigation"). We decide today that a judge who learns that he is a party to a class action lawsuit by virtue of his possession of a small financial interest in one of the parties or in the subject matter of the lawsuit, and who has devoted substantial time to consideration of that case, but who promptly divests himself of the otherwise disqualifying financial interest, need not recuse himself from continued participation in the disposition of that case.

## BACKGROUND

This appeal concerns the settlement of a large lawsuit brought as a class action on behalf of freelance authors whose work has been reproduced without their express consent on a variety of electronic databases, including but not limited to LexisNexis and Westlaw. Cf. N.Y. Times Co. v. Tasini, 533 U.S. 483 (2001). Class members received notice of the class action and its proposed settlement by mail, email, and publication, beginning on or about April 26, 2005. Class members were "required to submit their Proofs of Claim within 120 days of the first date of the Class Notice Program." The claims period thus expired on September 30, 2005.

On September 27, 2005, the United States District Court for the Southern District of New York (George B. Daniels, Judge)

-4-

approved the settlement. Several members of the class who objected to the settlement filed an appeal on October 21, 2005. On December 29, 2006, the appeal was calendered for oral argument to be held on March 7, 2007 before the Second Circuit, and, thereafter, more than three months after the expiration of the time for filing claims, a panel consisting of Judges Winter, Walker, and Straub received the parties' briefs.

On March 6, 2007, after extensive pre-argument preparation, Judge Winter and I realized that there was a high probability that we held copyrights in works, such as law review articles and speeches, reproduced on defendants' databases. At oral argument on March 7, we publicly stated in open court that we would forego any financial interest in the settlement that we could possibly have now or in the future. No party brought to our attention that, because the claims period had expired without either of us asserting a claim, we were at that point ineligible to recover anything in the class action in any event.

Within days, we solicited the opinion of the Committee on Codes of Conduct of the Judicial Conference of the United States (the "Committee") as to how to proceed. By letter dated March 22, 2007, the Committee informed us of its opinion that we should not "continue to serve on the panel." Letter from the Committee on Codes of Conduct of the Judicial Conference of the United States to Judges Winter and Walker, Docket No. 1934, at *5 (Mar.

-5-

22, 2007). Relying on Canon 3C(1)(d)(i) of the Code of Conduct for United States Judges (the "Code of Conduct" or the "Code"), the Committee reasoned that, because we are "part[ies] to the proceeding," we must recuse ourselves. Id. at *3. While the Committee suggested that "[i]t makes . . . sense to allow an appellate judge . . . to take action equivalent to opting out after the opt-out period expires so long as the action occurs promptly upon assignment and discovery of the potential conflict," id. at *4, it concluded that our divestiture on March 7 was insufficient to cure our putative disqualification because we had devoted substantial time to the case before that date (in preparing for oral argument, etc.), id. at *5.[2]

On March 27, 2007, we informed the Committee of the added fact that the case had been assigned to us after the claims period had expired -- and therefore, even had we not affirmatively renounced any interest in the outcome, we would have been ineligible to participate in any recovery. On March 30, 2007, the Committee Chair informed us that this fact did not alter the Committee's opinion that recusal should occur. We must now decide whether to follow the Committee's opinion.

**DISCUSSION**

**I.    Recusal Under the Code of Conduct and 28 U.S.C. § 455**

---

[2] We reproduce the Committee's letter in full as an appendix to this opinion.

Section 455 of Title 28, and its more-or-less identical analogue in the Code of Conduct,[3] is designed to "promote public confidence in the impartiality of the judicial process by saying, in effect, if there is a reasonable factual basis for doubting the judge's impartiality, he should disqualify himself." H.R. Rep. No. 93-1453, reprinted in 1974 U.S.C.C.A.N. 6351, 6355. Thus, it provides that a judge should recuse himself not only when he is actually biased or partial, 28 U.S.C. § 455(b); see also id. § 144, but also when a reasonable observer might question his neutrality, id. § 455(a). As the Supreme Court has explained, § 455(b) "rendered objective and spelled out in detail the 'interest' and 'relationship' grounds of recusal" that had been covered by judicial recusal statutes dating back to 1792.[4] Liteky v. United States, 510 U.S. 540, 548 (1994). Under § 455(a), by contrast, "what matters is not the reality of bias or prejudice but its appearance." Id. (emphasis added).

Nevertheless, despite the breadth of § 455, "[a] judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." In re Drexel Burnham Lambert Inc.,

[3] In fact, § 455 was amended in 1974 to "conform with the recently adopted" Code of Conduct. See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 858 n.7 (1988).

[4] As Justice Black pithily remarked, it has long been the case that "no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome." In re Murchison, 349 U.S. 133, 136 (1955).

-7-

861 F.2d 1307, 1312 (2d Cir. 1988). Indeed, we as judges must balance our duty to appear impartial against several practical considerations, including the availability of other judges, United States v. Will, 449 U.S. 200, 214 (1980) (Rule of Necessity), the cost in judicial resources of recusal and reassignment of the case to different judges, and the interest of the parties and the public in a swift resolution of the dispute.

To assist us in striking this balance, 28 U.S.C. § 455(f) provides that,

> [n]otwithstanding the preceding provisions [§§ 455(a) and (b)] . . . , if any . . . judge . . . to whom a matter has been assigned would be disqualified, after substantial judicial time has been devoted to the matter, because of the appearance or discovery, after the matter was assigned to him or her, that he or she . . . has a financial interest in a party (other than an interest that could be substantially affected by the outcome), disqualification is not required if the . . . judge . . . divests himself or herself of the interest that provides the grounds for the disqualification.

This court has, for instance, found § 455(f) "directly appli[cable]" to a situation involving a district judge's belated discovery that he owned stock in a company that, in turn, owned a substantial number of shares in one of the corporate litigants in a case before him. Kidder, Peabody & Co. v. Maxus Energy Corp., 925 F.2d 556, 561 (1991) ("Nearly three years of the litigants' time and resources and substantial judicial efforts have been devoted to the litigation. Judge Pollack's forthright divestiture of his stock eliminated the need for

-8-

disqualification.").

With this precis of our recusal law in mind, we turn to the particulars of this case. Section 455(b)(4) of Title 28 provides that a judge must recuse himself from a case "if [he] knows that he . . . has a financial interest in the subject matter in controversy or in a party to the proceeding." Section 455(b)(5)(i) likewise provides that a judge must recuse himself from a case if he "[i]s a party to the proceeding."[5] It is these two provisions -- in conjunction[6] -- that ostensibly require our recusal. By dint of our (probable) possession of copyrights in works reproduced on defendants' databases, we are putative class members and, as such, we could in theory share in the settlement of this case.

The question is whether § 455(f) permits us to avoid recusal under §§ 455(b)(4) and (b)(5)(i). And we think it does. We begin with the text of the statute. See Leocal v. Ashcroft, 543 U.S. 1, 8 (2004). On its face, § 455(f) appears to apply only to

---

[5] The Code of Conduct likewise provides that a judge must recuse himself if he "has a financial interest in the subject matter in controversy or in a party to the proceeding," Code of Conduct for United States Judges, Canon 3C(1)(c), or if he "is a party to the proceeding," id. Canon 3C(1)(d)(i).

[6] Cf. Tramonte v. Chrysler Corp., 136 F.3d 1025, 1029 (5th Cir. 1998) (noting that a judge's recusal might be required when he is a member of a class "because of the judge's financial interest in the case") (emphasis added); Christiansen v. Nat'l Sav. & Trust Co., 683 F.2d 520 (D.C. Cir. 1982) (discussing whether judges who were members of a class had a sufficiently large financial stake in the outcome of the case).

-9-

a judge who discovers at a late date a financial interest in a party that would otherwise warrant recusal. However, § 455(f) creates an explicit dichotomy -- between, on the one hand, financial interests to which it applies, and, on the other hand, interests "that could be substantially affected by the outcome," to which it does not apply. Section 455(f) thus echoes § 455(b)(5)(iii), which mandates recusal if a judge or his spouse "[i]s known by the judge to have an interest that could be substantially affected by the outcome," and we think it unlikely that Congress meant § 455(f) to stand only as an exception to one clause of § 455(b)(4) and to no other provision of § 455, cf. South Carolina v. Catawba Indian Tribe, Inc., 476 U.S. 498, 510 n.22 (1986), like, for instance, the other clause of § 455(b)(4), which forbids a judge's participation in a case if he has a financial interest in the subject matter of the litigation. Indeed, that the rule forbidding a judge's participation in a case to which he is a party is situated elsewhere in the statute suggests that Congress did not consider party status an "interest that [invariably] could be substantially affected by the outcome," at least not in the class-action context. Cf. infra (discussing legislative history of § 455(f)).

We therefore conclude that the text of § 455(f) is at least ambiguous as to whether it should apply to judges who are parties to a lawsuit simply because they possess a small financial

-10-

interest in one of the parties or in the subject matter of the litigation (and thus permit divestiture to avoid recusal). And the Committee agrees with our reading; indeed, it has concluded that the analogue in the Code to § 455(f) does apply, at least on its face, to judges in our situation. See Letter from the Committee on Codes of Conduct of the Judicial Conference of the United States to Judges Winter and Walker, Docket No. 1934, at *4 (Mar. 22, 2007).

In light of the text's ambiguity, we turn to the legislative history of § 455(f). And the legislative history is quite clear. Congress passed § 455(f) to mitigate unnecessary restrictions on a judge's ability to hear cases, thereby solving "a specific problem that ha[d] arisen as a consequence of existing disqualification requirements and their application in class action cases." H.R. Rep. No. 100-889, at 58 (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6029. Thus, as this court has explained, "Congress clearly did not envision class membership as [invariably involving] an interest 'substantially affected by the outcome,' otherwise § 455(f) could not solve the very problem it was meant to remedy." In re Certain Underwriter, 294 F.3d 297, 304 (2d Cir. 2002).

Finally, there are sound logical reasons to think that § 455(f) applies to a judge who possesses a small financial interest that also happens to make him a party to a lawsuit

before him. As we have explained, § 455(f) is meant to help judges strike a balance between the duty to recuse when their impartiality might reasonably be questioned and the need to resolve cases expeditiously and without undue collateral litigation. It is inconsistent with the pragmatism inherent in such balancing to distinguish between ownership of a single share of stock without more -- an interest that is covered by § 455(f) -- and ownership of a single share of stock that in addition renders the judge a party to a derivative class action lawsuit (assuming the judge divests himself promptly of that interest).[7]

In our case, too, there are particular circumstances that suggest the propriety of applying § 455(f). For instance, many -- if not most -- other judges are similarly situated. Indeed, we have determined that only one active judge (the third member of this panel, Judge Straub) and one senior judge in our circuit are not putative members of the plaintiff class; we also think it likely that every member of the Supreme Court is also a member of the class.

Moreover, this court has explained that a judge could not

---

[7] For a recent example of such a shareholder class action, see Billing v. Credit Suisse First Boston, Inc., 426 F.3d 130, 143-44 & n.14 (2d Cir. 2005) (discussing class consisting of direct and after-market IPO purchasers of "securities rang[ing] from March 1997 to December 4, 2000, and . . . includ[ing] Amazon.com, eBay Inc., Priceline.com Inc., Red Hat Inc., and Global Crossing, among many others"), rev'd on other grounds, 127 S. Ct. 2383 (2007).

-12-

ameliorate circumstances warranting disqualification when he should have known of the "disqualifying interest . . . long before [its] subsequent discovery and [his attempted] divestiture." Chase Manhattan Bank v. Affiliated FM Ins. Co., 343 F.3d 120, 131-32 (2d Cir. 2003). Thus, curative divestment should generally be possible when recusal is mandatory under § 455(a) or (b) if a reasonable person would not have known the circumstances warranting recusal prior to his divestment of the offending interest. And, a reasonable person would not have known that we were class members prior to March 6, when our pre-argument preparation led us to that conclusion.

**II. The Committee's Opinion**

The Committee agrees that Canon 3C(4) -- the analogue to § 455(f) -- applies to us. Letter from the Committee on Codes of Conduct of the Judicial Conference of the United States to Judges Winter and Walker, Docket No. 1934, at *5 (Mar. 22, 2007). But it goes on to conclude that curative divestment is possible only if made immediately upon assignment of the case to the judge, id. at *4 ("[A]ppellate judge . . . [may] take action equivalent to opting out after the opt-out period expires"); once a judge has spent substantial time on a case, he may not "opt-out." No consideration is given by the Committee to when the judge learns of the potential conflict. We believe the Committee has it backwards. Plainly, § 455(f) is meant to conserve judicial

-13-

resources. We do not see how this purpose is served by requiring recusal of a judge who, unaware of the conflict, has devoted substantial time to a case, but permitting a judge who has not worked on the case to continue to serve on an appeal, at a time when reassignment entails few or no costs. Cf. Tramonte v. Chrysler Corp., 136 F.3d 1025, 1031 (5th Cir. 1998).

The Committee argues that because our interest is that of a party, it must necessarily be an interest that could be "substantially affected by the outcome." But this assumes an anomalous set of circumstances: Section 455(f) applies, but curative divestment is per se impossible. Moreover, under the Committee's logic, § 455(f) would preclude a judge who might otherwise be recused because he is an "officer, director, or trustee of a party," 28 U.S.C. § 455(b)(5)(i), from promptly resigning and continuing to participate in the case. But surely the fact that a judge may be a trustee of a party, such as a legal organization like the American Bar Association or an artistic organization like the New York Museum of Modern Art, does not necessarily warrant recusal if the judge is willing promptly to resign the offending position.

Finally, the Committee has excepted Rule 23(b)(2) class actions from the ambit of its recusal rule. See Letter from the Committee on Codes of Conduct of the Judicial Conference of the United States to Judges Winter and Walker, Docket No. 1934, at *3

-14-

(Mar. 22, 2007). This conclusion must depend, at least in part, upon the insubstantiality of a Rule 23(b)(2) class member's interest. See In re City of Houston, 745 F.2d 925, 929-30 (5th Cir. 1984) (noting that under Rule 23(b)(2) a judge-cum-class-member might be a "party" in a certain sense but would not have "to answer for attorneys' fees"). This same logic would seem to dictate that possession of a small financial interest and possession of a small financial interest giving rise to party status should be treated in similar fashion: neither requires recusal provided the judge divests himself of the interest.

While we afford the Committee's non-binding recommendation a certain quantum of deference, the Committee is tasked only with construing the Code of Conduct. See United States v. Lauersen, 348 F.3d 329, 336 (2d Cir. 2003). We are responsible for construing § 455(f) in light of the following circumstances: (1) we learned that we were class members after preparing for oral argument more than five months after the close of the period in which claims could have been filed, and (2) we promptly (i.e., the following day) informed the parties in open court that we renounced any interest we could receive as class members. To paraphrase Judge Posner, "[b]efore [we] discovered [we] had a financial interest, [we] could have had no incentive to favor [either party]; . . . now, when [we] ha[ve] no interest [having divested ourselves of any right to claim settlement funds], [w]e

-15-

cannot enrich [ourselves] by favoring [either party]." <u>Union Carbide Corp. v. U.S. Cutting Serv., Inc.</u>, 782 F.2d 710, 714 (7th Cir. 1986) (Posner, J.).

We believe our decision not to recuse is authorized by § 455(f), strikes the appropriate balance between securing the interests of impartiality and its appearance and reducing the practical costs that unnecessary recusal entails, and does not diminish public respect for the judiciary.

## CONCLUSION

For the foregoing reasons, we have chosen not to discontinue our participation in this case.

COMMITTEE ON CODES OF CONDUCT
OF THE
JUDICIAL CONFERENCE OF THE UNITED STATES
UNITED STATES DISTRICT COURT
482 GERALD R. FORD FEDERAL BUILDING
110 MICHIGAN STREET, N.W.
GRAND RAPIDS, MI 49503-2363

JUDGE JANICE ROGERS BROWN
JUDGE KAREN K. BROWN
JUDGE CAMERON McGOWAN CURRIE
JUDGE JAY A. GARCIA-GREGORY
JUDGE ANDREW S. HANEN
JUDGE FRANK MAYS HULL
JUDGE DENIS R. HURLEY
JUDGE RICHARD G. KOPF
JUDGE ALAN D. LOURIE
JUDGE JAMES F. McCLURE, JR.
JUDGE M. MARGARET McKEOWN
JUDGE THOMAS C. MUMMERT, III
JUDGE RUDOLPH T. RANDA
JUDGE RONALD A. WHITE

JUDGE GORDON J. QUIST
CHAIRMAN

ROBERT DEYLING
COUNSEL

(202) 502-1100

Tel. (616) 456-2253
Fax (616) 456-2243
Email: quist@miwd.uscourts.gov

March 22, 2007

Honorable Ralph K. Winter, Jr.
United States Court of Appeals
Richard C. Lee United States Courthouse
141 Church Street
New Haven, CT 06510

Honorable John Walker, Jr.
United States Court of Appeals
Connecticut Financial Center, 17th Floor
157 Church Street
New Haven, CT 06510-2100

     Re:    Docket No. 1934

Dear Judges Winter and Walker:

     Thank you for your inquiry.

     You inquire whether you must recuse yourselves from further involvement in an appeal that challenges approval of a class action settlement involving copyright interests. You are both covered by the class definition (as are 20 of the 22 members of your court), and neither of you opted out of the class within the time allowed for doing so which, by operation of the Federal Rules of Civil Procedure, occurred while the action was still pending in the district court. The class was certified under Rule 23(b)(3).

You realized you were covered by the class definition only the day prior to oral argument and only after you had devoted considerable time in preparation. Your failure to realize you were members of the class resulted from a mistake of fact: you assumed that you did not retain any copyright interest in the underlying publications which led to your class membership.[1] You proceeded with oral argument "inform[ing] the parties that [you] were members of the class [but] waived any and all rights to any recovery based on the copyrights or membership in the class."

Having now had the opportunity to research the matter, you are concerned that your waiver may not be sufficient because the time to opt out of the class expired prior to the appeal. You pose two specific questions: first, whether you are disqualified in the above matter under present standards, including the rule of necessity; and, second, if you are disqualified, whether it would be advisable to alter those standards to allow appellate judges to sit on cases involving class actions where they failed to opt out during the opt out period (at a time before the case is assigned to them) but, promptly upon assignment of the matter, waive completely any interest that they would have as a member of the class.

As explained below, we conclude that appellate judges may adequately waive their interests as class members upon assignment of an appeal, even though the time to opt out of the action has expired. Nonetheless, because of your substantial work on the matter while disqualified, we conclude that you may not avoid disqualification.

Your inquiry is governed by Canon 3C of the Code of Conduct for United States Judges ("Code"). The relevant provisions read as follows.

### CANON 3: A JUDGE SHOULD PERFORM THE DUTIES OF THE OFFICE IMPARTIALLY AND DILIGENTLY

The judicial duties of a judge take precedence over all other activities. In performing the duties prescribed by law, the judge should adhere to the following standards:

\* \* \*

C. Disqualification.

(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:

\* \* \*

---

[1] Because this is a Rule 23(b)(3) class, we assume some form of notice was provided, although we are unaware whether it was by publication or individual notice. Thus, we assume for present purposes that you had some prior notice of the action and an opportunity to opt out and that you failed to opt out based on your mistaken understanding of your interest in any covered materials.

2

(c)     the judge knows that the judge . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be affected substantially by the outcome of the proceeding; [or]

(d)     the judge . . . :

(i)     is a party to the proceeding, or an officer, director, or trustee of a party . . . .

As you recognize, Canon 3D remittal is not available to you because the potential disqualification arises under Canon 3C(1)(c) and (d), which are expressly excluded from the remittal procedures allowed under Canon 3D. Thus, recusal will be required unless you can neutralize any conflict caused by your interest as a class member.

**General Disqualification Rules in Class Actions.** We have addressed similar situations in a number of prior dockets, reaching the following conclusions.

(1)     Once a Rule 23(b)(3) class is certified, everyone covered by the class definition who does not opt out is a "party" for recusal purposes. *E.g.*, Advisory Opinion No. 90; Compendium § 3.1-6[4](a) (2005).

(2)     A judge who is a class member (or whose covered relative is a class member) must, therefore, recuse unless the judge (or covered relative who is a class member) opts out. Compendium § 3.1-6[4](c).

(3)     Under some circumstances a judge may need to recuse if he or a family member is merely a putative class member (*e.g.*, on denial of certification of a class or in the trial court before a class is certified), or if the judge or family member has an interest that might be substantially affected by the class action even if he or she opts out (*e.g.*, if the class action might have a preclusive effect on an "opt out" claim). Compendium § 3.1-6[4] (a-1) & (c); *see also Tramonte v. Chrysler Corp.*, 136 F.3d 1025, 1030 (5th Cir. 1998) (concluding that although putative class members are not "parties" within the meaning of § 455(b)(5) [identical to Canon 3C(1)(d)(i)], they may still hold interests sufficient to require recusal – for example: "The decision on a request to certify is itself a critical step, often with large financial consequences. An assertion that a member of a putative class lacks a financial interest relevant to the trial court's decision until after the class is certified blinks at reality.").

(4)     Because class members in a Rule 23(b)(2) class seeking only declaratory and injunctive relief are not generally afforded notice and an opportunity to opt out and because of the nature of the relief, inclusion in a Rule 23(b)(2) class will not normally require recusal if: the class covers a substantial segment of the general public; and the judge (or relative) does not have any interest unique from the interests of members of the general public. Compendium § 3.1-6[4] (d).

(5)     Opting out of a class is not, alone, always sufficient to eliminate the conflict and avoid the need for recusal because the judge (or covered relative) may still retain an underlying claim which may be affected by decisions the judge makes in the class action.

3

In light of the above, we have advised that it may be necessary for individuals with disqualifying interests (judges and covered relatives) to both opt out of the putative class *and individually waive any right to recover against the defendants on the same claim*. As to the procedure for opting out and waiving claims, we have advised that a judge should disclose to the parties of record and their counsel both the facts giving rise to the disqualification and the actions taken to remove the ground for the disqualification. Filing a written waiver and declaration of opt-out in the case is one possible mechanism.

**Application to Judicial Assignments After Opt-Out Period.** Your situation presents a similar situation to the cases we have previously addressed, with the exception that it was no longer possible for you to "opt out" within the meaning of Rule 23 at the time the case was assigned to your court. This is because the class had been certified and the period allowed for class members to opt out had expired prior to the appeal.

In this respect, an appellate judge is on the opposite end of the time continuum from a judge who is assigned the case prior to the class certification decision. Under those circumstances, we have advised that a judge may cure potential conflicts upon assignment of cases seeking class certification by waiving and releasing, without consideration, all claims the judge may possess as a potential class member and by opting out of the class. *See generally* Compendium § 3.1-6[4] (e). Thus, the technical applicability of the opt-out period is ignored in favor of the practical consideration that the judge must make the decision to waive claims and opt out *before* deciding whether to certify the class. It makes equal sense to allow an appellate judge (or later assigned district judge) to take action equivalent to opting out *after* the opt-out period expires so long as the action occurs promptly upon assignment and discovery of the potential conflict.

Such an approach is consistent with the practical approach we have applied to the timing of removal of a disqualification through disposal of an interest. *See* Advisory Opinion No. 69 (concluding that Canon 3C(4) applies not only when substantial time has been invested, as expressly stated in the Canon, but also in "cases in which the judge has expended no judicial time" but promptly divests the interest upon learning of the disqualifying interest "since any other interpretation would require the judge to do a futile act"). *But see infra* "Special Circumstances Precluding Avoidance of Disqualification."

This practical approach recognizes that an appellate judge (or potentially a later-assigned district judge) would not have reason to opt out of the action before it is assigned to the judge's docket. Such a practical approach is consistent with our special treatment of Rule 23(b)(2) where we have relied, in part, on the lack of an opportunity to opt out in deciding that judges are not automatically disqualified by membership in a Rule 23(b)(2) class.

What is, ultimately, more critical than opting out is the disclosure of the circumstances giving rise to class membership and waiver of any claims which arise out of the class action or might be "substantially affected" by it. In most circumstances, this will mean waiver of any claim that would otherwise have fallen within the scope of the class action. To require more at the appellate stage when opting out is no longer possible would place form over substance. We add one caveat, that is, if the class member is the judge, he or she should not have taken affirmative action earlier to indicate

4

a desire to remain in the class. Under such circumstances, concerns regarding the appearance of impropriety (due to the judge's earlier affirmative indication of interest in the action) may remain even with waiver.

**Special Circumstances Precluding Avoidance of Disqualification.** You indicate that you made disclosures of the basis of your class membership and placed your intent to receive no benefit from the class action and to waive any underlying interest on the record prior to hearing oral argument. You did not, however, do so until after investing substantial time in preparing for that argument. This was because, due to the particular complexities of the claims in this class action, your membership in the class was not immediately obvious to you.

Unfortunately, this means that you did handle the case while disqualified, even though you did not realize the existence of the disqualification. Canon 3C(4) addresses a similar situation when a judge holds a financial interest in a party. This provision reads as follows:

> Notwithstanding the preceding provisions of this Canon, if a judge to whom a matter has been assigned would be disqualified, after substantial judicial time has been devoted to the matter, because of the appearance or discovery, after the matter was assigned to him or her, that he or she individually or as a fiduciary, or his or her spouse or minor child residing in his or her household, has a financial interest in a party (*other than an interest that could be substantially affected by the outcome*), disqualification is not required if the judge, spouse or minor child, as the case may be, divests himself or herself of the interest that provides the grounds for the disqualification.

Canon 3C(4) (emphasis added).

A class member's interest is that *of* a party, rather than an interest *in* a party. This suggests that the provisions of Canon 3C(4) would apply with at least equal rigor in the case of a class-member judge. Further, because the "interest" at issue is the interest in the underlying claim covered by the class action, it is, by definition, "an interest that could be substantially affected by the outcome." *See generally* Advisory Opinion No. 69.

Applying Canon 3C(4) by analogy, we conclude that you may not continue to serve on the panel, although you might have done so if you had realized your class membership and waived your claims immediately upon assignment of the matter. Other members of your court may, however, waive their claims and interests covered by the class action and then serve.

We regret the duplication of effort this will entail, but believe it is the most appropriate interpretation of these Canons. The final decision is, however, yours to make. As to the impact of recusal after oral argument, you may want to refer to Advisory Opinion No. 71 (Disqualification After Oral Argument).

In rendering the above advice, we have addressed only the Code, as our authority does not include construing 28 U.S.C. § 455. The language of the statute and relevant portions of Canon 3 are, however, virtually identical. In interpreting the statute, you are encouraged to look to decisions

5

in your and other circuits, especially because the class action area is one in which circuit court analysis of the complicated issues under § 455 is particularly important. You may find helpful a monograph published in 2002 by the Federal Judicial Center entitled *Recusal: Analysis of Case Law Under 28 U.S.C. §§ 455 and 144*. The monograph is available on the FJC's website (www.fjc.gov) under "Publications."

The Committee treats all inquiries and responses as confidential and will disclose information about them only in the narrow circumstances described in the Committee's confidentiality policy (set forth in paragraph two of the Preface to Volume 2, *Guide to Judiciary Policies and Procedures*).

We hope this response has been helpful. If you have any further question, please call or write.

For the Committee,

Gordon J. Quist
Chairman

6